## STENNICK v. JONES et al.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1922.)

### No. 3783.

1. **Courts ⬤⟶356—Restatement of case not ordered on second appeal, when absence not prejudicial.**

   On appeal from a judgment rendered on an accounting after remand, where the record on the former appeal was settled under equity rule 75 (198 Fed. xl, 115 C. C. A. xl), and is made a part of the record on the present appeal, and a restatement of the case under that rule is not necessary for purpose of review, and its absence not prejudicial, it will not be ordered.

2. **Bankruptcy ⬤⟶303(1)—Trustee held to have burden of showing defendants took property not subject to forfeiture under bankrupts' contract.**

   A trustee in bankruptcy, suing for an accounting under a contract providing for the forfeiture of certain property to defendants on default by the bankrupts, has the burden of proof to sustain his claim that personal property belonging to the bankrupts and not subject to forfeiture thereunder was taken by defendants.

3. **Appeal and error ⬤⟶931(1)—Findings presumptively correct.**

   Where the District Judge's opinion is in the nature of findings on the evidence, the findings must be deemed presumably correct, and will not be set aside or modified, unless error or mistake clearly appears.

4. **Bankruptcy ⬤⟶303(3)—Facts not sufficient to show materials and supplies not property subject to forfeiture under terms of contract.**

   Under a logging contract providing for the purchase of railroad, sawmill, and logging equipment from the proceeds of bonds, and for the

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forfeiture of that and other property on default in carrying out the contract, the mere fact that bills for material and supplies taken by defendant under such forfeiture clause had not been fully paid, and had been presented in bankruptcy as claims against the defaulting parties, was not sufficient to establish the ultimate fact that they were not subject to forfeiture under the contract.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by Parker Stennick, trustee in bankruptcy of the Hamilton Creek Timber Company and the Rainier Lumber & Shingle Company against Willard N. Jones and others. From a judgment for plaintiff for an insufficient amount, he appeals. Affirmed.

Thomas Mannix and Guy L. Wallace, both of Portland, Or., for appellant.

Guy C. H. Corliss, of Portland, Or., for appellees.

Before ROSS, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This is an action by Parker Stennick, trustee in bankruptcy for the Hamilton Creek Timber Company, hereinafter referred to as the "Hamilton Company," and the Rainier Lumber & Shingle Company, hereinafter referred to as the "Rainier Company," against Willard N. Jones, Fred A. Kribs, and the J. K. Lumber Company. The complaint stated three causes of action. The third cause is the only one material to the present controversy. It states a case for an accounting of the value of certain property alleged to have been the property of the bankrupts and to have been surrendered to the defendant corporation under the forfeiture clause of a certain contract dated January 27, 1913, between the J. K. Lumber Company, as party of the first part, and the Hamilton Creek Timber Company, the Rainier Lumber & Shingle Company, and E. H. Dodge, as parties of the second part. The contract provided, among other things, that upon the conveyance by the parties of the second part to the party of the first part of the title to certain timberland and timber the party of the first part would issue bonds to the amount of $900,000, and would apply and use out of the proceeds derived from the sale of such bonds such sums as might be necessary (not exceeding in the aggregate $215,000) for certain designated purposes specified in the contract.

The forfeiture clause of the contract provided in substance that, in the event of the failure of the parties of the second part to fully comply with all the terms, conditions, and provisions of the agreement, certain mill property owned by the Rainier Company and certain other mill property and railroad equipment, and sawmill and logging equipment, purchased with the funds of either party for the logging of the lands covered by the agreement, should forthwith become the property of the party of the first part, and might be used by said party for the logging and manufacture of the logs and lumber referred to in the agreement, or any other timber, and the parties of the second part agreed upon default to transfer and convey all such mill property by good and sufficient deeds of conveyance, and the party of the first part was authorized to take possession of such mill property and equip-

ment and use and employ the same, and the parties of the second part agreed not to interfere with such possession and use of said property by the party of the first part. The parties of the second part defaulted, and there was a transfer of property to the party of the first part. The property subject to such transfer under the forfeiture clause of the agreement is the subject of the present controversy.

The lower court, after a hearing upon the merits, entered a decree dismissing the complaint. An appeal was thereupon taken to this court, where the decree of the district court was reversed and the case remanded, with directions that under the declarations of rights of the parties, as indicated in the opinion, an account should be taken and thereafter a decree be entered upon the matters referred to as might be equitable and just. Stennick v. Jones, 252 Fed. 345, 355, 164 C. C. A. 269. Subsequently the opinion of this court was modified in some particulars. Stennick v. Jones, 256 Fed. 354, 355, 167 C. C. A. 524. The trustee petitioned the Supreme Court for certiorari, which was denied. 250 U. S. 664, 40 Sup. Ct. 11, 63 L. Ed. 1196. In the opinion of this court it was said:

"The J. K. Company was limited in its rights by the contract, and could take no property which belonged to the bankrupts, except that which was clearly affected by the provisions of the contract, and which we have said is confined to the property included in the contract. This is too plain for discussion; and equally certain is it that the trustee in bankruptcy has a remedy whereby he can recover any such property so wrongfully taken or the value thereof for the benefit of the creditors. All property, therefore, which was bought by Dodge out of the $215,000, was fairly within the terms of the contract and became subject to forfeiture. But other property not purchased out of such fund, and not attached to the realty, should rightfully pass to the trustee. * * * As it would be more practicable that an accounting should be had before the District Court, which did not allow in favor of the trustee any account for the value of any personal property taken by defendants, not bought with any of the $215,000 heretofore referred to, we think that the case should go back to the District Court, with directions that, under the declarations of the rights of the parties as indicated, an account be taken, and thereafter decree be entered upon the matters referred to as may be equitable and just."

In the modified opinion this court said:

"With respect to personal liability of Jones and Kribs, our opinion holds that they, being parties to the suit and being sued as joint tort-feasors, are liable individually for any property which they or either of them may have taken in their individual capacities, and that the accounting should be had against them as individuals, as well as against the J. K. Company."

Upon the going down of the mandate of this court the District Judge proceeded with the accounting without referring the matter to a master. At the conclusion of the hearing the court found that the trustee was entitled to a judgment against the J. K. Company for $7,-167.77, but not against the individual defendants, Jones and Kribs. The trustee appeals from this judgment, alleging error in failing to follow the mandate and the opinion of this court in the matters heretofore stated.

[1] The District Judge appears to have taken the accounting mainly, if not altogether, upon the evidence before the court upon the original

record. The appellant has accordingly brought the case here on appeal upon the original record and some additional evidence, and the written opinion of the court making findings upon the questions submitted to it by this court. The appellees object to this record, and contend that there should have been a settlement of the record under rule 75 of the equity rules prescribed by the Supreme Court (198 Fed. xl, 115 C. C. A. xl). The original record was so settled and was before this court on the former appeal. Upon the present appeal we find an order made by Judge Gilbert, the presiding judge of this court:

"That the record shall consist of the original transcript of the evidence taken at the accounting before Hon. Robert S. Bean, the same to be in typewritten form transcribed by the court stenographer, together with the original exhibits, except certain exhibits withdrawn by mutual stipulation of the parties, and that no printed record need be furnished, and further that the original record in this case No. 3139 be considered part of the record on this appeal."

If, notwithstanding this order of Judge Gilbert, we were of the opinion that a restatement of the case under rule 75 was necessary for the purpose of this review, and that its absence would be prejudicial to the case of the appellees, we should so order; but we do not find it necessary, or that its absence will be prejudicial to the appellees upon any issue before the court.

The District Judge stated the first question submitted by this court on the order for an accounting to be: What property, if any, not purchased with the $215,000 furnished by the defendants, was delivered by the bankrupts to the defendant corporation in May, 1914? And the second: What was the reasonable value thereof? This is substantially correct, with the qualification that the property referred to was property not attached to the realty.

[2, 3] The burden of proof was upon the plaintiff to sustain his claim that personal property belonging to the bankrupts, not included in the contract and not paid for out of the $215,000, was taken by the defendants on May 12, 1914, at the time of the surrender of the property under the forfeiture clause of the contract. Furthermore, the opinion of the District Judge upon the evidence being in the nature of findings upon such evidence, the findings must be deemed to be presumably correct and will not be set aside or modified unless there clearly appears to have been error or mistake on his part. Tilghman v. Proctor, 125 U. S. 136, 149, 8 Sup. Ct. 894, 31 L. Ed. 664.

In the agreement of January 27, 1913, the purposes for which the sum of $215,000 was to be applied were set out as follows: (1) The construction of a railroad up Hamilton creek, in said Skamania county, to a point about the middle of section 36, township 3 north, range 6 east. (2) To purchase equipment for said railroad sufficient to handle at least 200,000 feet of logs per day. (3) To complete and equip logging camps with equipment sufficient to handle 300,000 feet of logs per day. (4) To erect, construct, and equip a sawmill to be located at a point designated by said first party in section 35, township 3 north, range 7 east, of sufficient capacity to cut at least 20,000,000 feet of lumber per annum. (5) To construct approximately two miles

of railroad from the connection with the S. P. & S. Railroad in said Skamania county up Rock creek, in order to enable the beginning of logging operations under and in accordance with the terms of this agreement. (6) To purchase and supply proper equipment for said two miles of railroad. (7) To purchase and supply logging equipment sufficient to handle 20,000,000 feet of lumber per year on Rock creek in said Skamania county. It was further provided in the agreement that the J. K. Company would pay over to the Hamilton Company and Rainier Company from time to time, as it should be needed for the latter companies, moneys for such construction and equipment, out of the proceeds of the sale of said bonds, upon receipt from said second parties of bills therefor and certified accounts of expenditures certified and verified to be correct by the president or treasurer of the Rainier Company.

[4] It is assigned as error that the court refused to allow compensation for certain items of personal property alleged to have been converted by the defendants Jones and Kribs in their individual capacities on May 12, 1914, and that none of said items were paid for out of any part of the $215,000. The items are 32 in number and aggregate the sum of $51,583.74. They are for material and supplies sold and delivered to the bankrupts by the several dealers during the summer, fall, and winter of 1913, and the spring of 1914, at a time when the bankrupts were actively engaged in using such supplies and material in their various occupations. The bills for these materials and supplies have not been paid and are now before the bankruptcy court as claims against the bankrupts' estates. We have carefully examined the record and evidence upon which the opinion of the District Judge is based, and we are convinced that upon the record before us, and under the rule of burden of proof and the presumption in favor of the judge's opinion and findings, the judgment of the court must be deemed to be correct. The fact that there was an inventory taken of the property in May, 1914, and that bills for material and supplies have not been fully paid, and the balances have been presented to the court in bankruptcy and allowed against the bankrupts, are not sufficient to establish the ultimate fact that such material and supplies were not transferred to the defendants under the forfeiture clause as railroad, sawmill, and logging equipment purchased for the logging of the lands covered by the agreement. We are further of the opinion that the only items for which there is support in the evidence for appellant's claim of property taken over by the defendants on May 12, 1914, and not paid for out of the $215,000, are commissary stores, $2,565.93, 17 sets of boomsticks and chains, which, together with the boom house and swifters, amount in all to the value of $4,351.59, and high speed Norton jacks with lift handles and levers, $250.25, making a total of $7,167.77. This is the amount of the judgment of the lower court.

With respect to the individual liability of Jones and Kribs, we are of the opinion that the finding of the District Judge is supported by the evidence that they did not convert any part of the property to their individual use, and that no benefit accrued to them, or either of them, individually by reason of such taking, and that they are therefore not

liable in this action. Schall v. Camors, 251 U. S. 239, 254, 40 Sup. Ct. 135, 64 L. Ed. 247.

The judgment of the District Court is affirmed.